## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ZURLA TRANSPORTATION LLC,
a Florida limited liability company,

      Plaintiff,

v.                                  Case No: 2:16-cv-00333-SPC-CM

ENOBLE, INC. f/k/a NATIONAL
BANKERS TRUST CORPORATION, a
foreign corporation, and JEFFREY S. ROSE

      Defendants.

_____/

## **ORDER**

    This matter comes before the Court on Defendants Enoble, Inc. f/k/a National Bankers Trust Corporation ("Enoble") and Jeffrey S. Rose's ("Rose") Motion to Dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure (Doc. #9) filed on May 11, 2016. Plaintiff Zurla Transportation LLC (Plaintiff) filed a Response to Defendants' Motion to Dismiss (Doc. #13) on May 24, 2016. This matter is ripe for review.

### BACKGROUND

    On June 13, 2013, Plaintiff entered into a Factoring and Security Agreement (Agreement) with Enoble (known at that date as National Bankers Trust Corporation). (Doc. #2 at ¶ 2). Through this agreement, Enoble factored accounts for Plaintiff and advanced operating funds, which Plaintiff agreed to repay at a later time. (*Id.* at ¶ 3). Notably, the Agreement contained a clause entitled "Applicable Law." This clause provided that the "Agreement shall be governed by the laws of the State of Tennessee" and that the "parties agree that jurisdiction for any dispute arising from the Agreement

and any modifications thereto, shall be in any court of competent jurisdiction in Shelby County, Tennessee." (Doc. #2-1 at ¶ 15).

Around December 2015, Enoble experienced a change in management and, through Defendant Rose's actions, ceased advancing funds for Plaintiff. (Doc. #2 at ¶ 4, 6). Plaintiff alleges that this conduct constitutes tortious interference with its contracts and/or business relationships. (*Id.* at ¶ 7).

## DISCUSSION

Defendants filed the instant motion requesting that the Court dismiss this action for improper venue, which the Court construes as a motion to dismiss for *forum non conveniens*.[1] In support, Defendants argue that this action arises from the Factoring and Security Agreement, which contains a forum selection clause.  That clause provides that all disputes arising from the Agreement must be resolved in Tennessee.  Therefore, Defendants aver that Tennessee state court is the proper jurisdiction for this action. Plaintiff disagrees.  It argues that the forum selection clause is inapplicable to this action because Defendant's alleged wrongdoing constitutes a separate and independent tort.

The Court must first determine whether this action arises from the Agreement. Throughout the Complaint, Plaintiff points to Defendants' failure to adhere to the Agreement to support its claim.  For example, Plaintiff alleges that Defendants committed tortious interference when they "[c]eased advancing operating funds for Plaintiff as had

---

[1] In *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013), the Supreme Court held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."  Therefore, the parties' reliance on Fed. R. Civ. P. 12(b)(3) is misplaced.  Nevertheless, because the parties have appropriately briefed the issue, the Court will proceed with its analysis.  *See PNC Bank N.A. v. Akshar Petroleum Inc.*, No. 3:13-cv-436-J-34PDB, 2014 WL 1230689, at *3 (M.D. Fla. Mar. 25, 2014) ("Despite their reliance on the incorrect procedural mechanism, the parties have adequately briefed the relevant issues concerning the construction of the forum-selection clauses and whether the Court should dismiss this action based on those clauses.").

been done in the past which caused Plaintiff severe cash flow problems and damaged Plaintiff's business." (Doc. #2 at 3). The Agreement governs this precise conduct, providing that "NBT may advance to [Plaintiff] at the time of purchase, an amount equal to the Advance Rate times the face amount of the invoice." (Doc. #2-1). The Agreement also provides that "NBT may at its discretion reduce the advance rate on any invoice for items it believes may not be paid by [Plaintiff]." (Doc. #2-1). Plaintiff's other allegations explicitly refer to the Agreement. For instance, Plaintiff alleges that Defendants "[f]ailed to properly credit payments made by Plaintiff or Plaintiff's customers *in accordance with the Factoring and Security Agreement*." (Doc. #2 at 3) (emphasis added). These allegations illustrate that Plaintiff's claim arises from the Agreement, and is therefore governed by the Agreement's "Applicable Law" clause. *See Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (holding that "arising from" language "includes all causes of action arising directly or indirectly from the business relationship evidenced by the contract").

Having determined that this action arises from the Agreement, and is therefore governed by the Applicable Law clause, the Court must next determine whether this clause is valid. Generally, "[f]orum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). To do so, Plaintiff must illustrate that one of the four *Lipcon* factors is applicable: (1) the Agreement's formation was induced by fraud or overreaching; (2) Plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive Plaintiff of a remedy; or (4) enforcement

3

of the clause would contravene public policy.  *Krenkel*, 579 F.3d at 1281 (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998)).

Plaintiff fails to address any of these factors.  Instead, Plaintiff argues that the alleged wrongdoing constitutes "a separate and independent tort," and therefore the Agreement's Applicable Law clause is inapplicable.  Plaintiff cites several cases to support this argument.   But each case is easily distinguished.  Not one of the cases involved a claim arising out of an agreement with a valid forum-selection clause.  Here, the Court has already determined that this action arises from the Agreement.  The only issue, then, is whether Plaintiff can illustrate that one of the four *Lipcon* factors is applicable, allowing the Court to reason that the Applicable Law clause should not be upheld.  Because Plaintiff fails to meet this burden, the Court finds that the Applicable Law clause is valid and governs this action.  Consequently, this action must be dismissed so that it can be filed in the proper non-federal forum.

Accordingly, it is now **ORDERED:**

1. Defendants' Motion to Dismiss for Improper Venue (Doc. #9), which the Court construes as a Motion to Dismiss for *Forum Non Conveniens*, is **GRANTED.**

2. This action is **DISMISSED without prejudice**.

3. The Clerk of the Court is directed to terminate any pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida, on this 4th day of August, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4